Joshua R. DONAVAN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 16-1493

United States Court of Appeals, Seventh Circuit.

Submitted December 5, 2016

Decided February 17, 2017

Joshua R. Donavan, Pro Se.

Linda J. Mott, Attorney, Office of the United States, Albuquerque, NM, for Respondent–Appellee.

Before DIANE P. WOOD, Chief Judge, MICHAEL S. KANNE, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge

## ORDER

In 2011 Joshua Donavan pleaded guilty to conspiring to distribute and distributing oxycodone, resulting in death, *see* 21 U.S.C. § 841(a)(1), (b)(1)(C), though the toxicology report stated that the death was caused by oxycodone and cocaine. Donavan filed an initial motion under 28 U.S.C. § 2255 the next year, but he voluntarily withdrew it after the government argued that Donavan had waived his collateral-attack rights in his plea agreement.

In 2014, after the Supreme Court decided *Burrage v. United States*, —— U.S. ——, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014), Donavan filed a pro se motion, which he labeled as a § 2255 motion, arguing that the death-results enhancement to his sentence was unlawful. The district court determined that Donavan's motion was an unauthorized collateral attack and dismissed it for lack of jurisdiction.

But *Burrage* interpreted a statute; it did not announce a constitutional rule. Although a *Burrage* claim could be brought in an initial § 2255 motion, that claim cannot be brought in a successive § 2255 action because there is no provision authorizing a claim that one's conviction is illegal but not unconstitutional. *See* § 2255(h). Under these circumstances, a *Burrage* claim may be brought in a habeas corpus petition under § 2241. Because Donavan's motion was not a successive § 2255 motion, we VACATE the judgment of the district court. And because Donavan's motion may be properly considered a § 2241 petition, we direct the district court to TRANSFER the case to the court with jurisdiction over Donavan's custodian.

Donavan's motions to proceed in forma pauperis and for appointment of counsel are DISMISSED WITHOUT PREJUDICE to renewal in the appropriate court.